MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

KIM A. BERGER (NYBN 2481679)
Assistant United States Attorney

450 Golden Gate Avenue
San Francisco, California 94102
Telephone: (415) 436-7232
FAX: (415) 436-7234
kim.berger@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN EDWARD MILLS,<br><br>Defendant. | CASE NO. 14-00133 RS<br><br>SUPPLEMENTAL SENTENCING MEMORANDUM<br><br>Date: March 31, 2015<br>Time: 2:30 p.m. |

## I. INTRODUCTION

The United States respectfully submits this supplemental memorandum in connection with the sentencing of Jonathan Edward Mills. Since the parties submitted their sentencing memoranda on February 10, 2015, the government has learned that the defendant engaged in further fraudulent conduct, violated the terms of his release, and lied to his Pre-trial Services Officer. In light of this conduct, the United States submits that the defendant should be sentenced to a term of imprisonment of 30 months, the high-end of the agreed upon range, and that he be remanded at sentencing and not be permitted to self-surrender.

On October 7, 2014, the defendant pled guilty to Counts One and Two of the Indictment,

charging him with wire fraud in violation of 18 U.S.C. § 1343. The defendant pled guilty pursuant to a plea agreement in which he agreed, among other things, that his adjusted offense level is 18. The plea agreement further provided, pursuant to Rule 11(c)(1)(C), that a reasonable disposition of this case is a sentence of imprisonment of no less than 21 months, and no greater than 30 months, to be followed by a term of supervised release of three years. On February 10, 2105, the United States submitted a memorandum seeking a sentence of imprisonment of 28 months.

## II. THE DEFENDANT'S CONDUCT ON PRE-TRIAL RELEASE

On February 27, 2014, the defendant was released by Magistrate Judge Elizabeth D. Laporte on a $75,000 unsecured bond with several conditions, including that he reside in a halfway house. On September 3, 2014, the defendant's bond was modified to allow him to live with a guardian with location monitoring. The modification also directed that the defendant was only permitted to use a certain cell phone to communicate with his defense counsel, his guardian, his mother and grandmother, and to order food to his residence. The bond modification also forbid the defendant from engaging in any financial transactions, either directly or indirectly, without prior written approval of Pre-trial Services.

On or about February 13, 2015, the defendant contacted his Pre-trial Services Officer and stated that his guardian had found a new and more affordable place to live. On February 13, 2015, the defendant's Pre-trial Services Officer met him at the proposed new residence (577 Divisadero Street in San Francisco), conducted a range test for the location monitoring, and approved the new residence.

On March 6, 2015, the Property Manager of the defendant's new residence contacted the U.S. Attorney's Office and the FBI. As set forth in the Declaration of Special Agent Elizabeth Hadley of the FBI, the Property Manager advised the government that the defendant and his guardian moved into the residence on or about February 13, 2015. The agreed upon monthly rent for the residence was $8,500, plus a $1,000 security deposit. Thereafter, neither the defendant nor his guardian paid the monthly rental payment. Although the defendant's guardian signed the lease agreement, Mills engaged in a series of text messages with the Property Manager in which he apologized for the delay and made a series of false promises concerning the rental payment. It is troubling that the defendant's text messages with the Property Manager bear a striking similarity to the way in which he lulled the victims of the

underlying fraud scheme. For example, the defendant claimed that the payment had left the account, and then promised to deliver a cashier's check. Copies of those text messages are attached to the Hadley Declaration as Exhibit A.

Further, on March 2, 2105, the Property Manager served Mills with an eviction notice. On March 9, 2015, the defendant spoke to his Pre-trial Services Officer who specifically asked how things were going at the new residence. Mills lied and said that everything was fine. On March 12, 2105, the parties appeared before Magistrate Judge Laporte based on the violation notice filed by Anthony Granados, the defendant's Pre-trial Services Officer, a copy of which is attached as Exhibit C to the Hadley Declaration. Judge Laporte remanded the defendant into custody pending sentencing.

## III. THE DEFENDANT SHOULD BE SENTENCED TO 30 MONTHS' IMPRISONMENT AND REMANDED AT SENTENCING

Given the offense conduct outlined in the government's original sentencing memorandum, and the fact that the defendant has engaged in further fraudulent conduct less than two months before his sentencing date, the United States submits that the defendant should be sentenced to a term of imprisonment of 30 months, the high-end of the agreed upon range.

The United States further submits that the defendant should be remanded at the time of sentencing to begin serving his sentence. Based on the defendant's offense conduct, the fact that he violated the conditions of his release, and the new conduct related to the rental payment, the defendant cannot meet his burden of establishing beyond clear and convincing evidence that he is not a danger to the community.

Title 18, United States Code, Section 3143 governs the time period between imposition and execution of a prison sentence. It provides in relevant part:

> The judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence, be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…

As set forth in the Pre-sentence Report, and the United States' sentencing memorandum, the offense conduct was a calculated pattern of deception that involved a number of investor-victims, some of whom were the defendant's friends and acquaintances. The defendant created a company, and then lied about a

pending acquisition to his investors, that had absolutely no basis in reality, and falsely claimed that the pending acquisition would make their stake in the company very valuable. When investors began asking questions, the defendant told another series of lies to keep the investor-victims from discovering his fraud. The defendant then spent the investors' monies for his own enrichment and enjoyment, including expensive vacations and entertainment. In short, his crime was motivated by greed, and his fraudulent scheme has had a severe impact on many of his victims.

In addition, since the time of his guilty plea, the defendant has violated the terms of his release and engaged in further fraudulent conduct by renting an expensive apartment and then failing to pay the rent, all while making a series of false promises to the Property Manager with respect to the rental payment. He also lied to his Pre-trial Services Officer about his living situation. This conduct so close to his sentencing date demonstrates that the defendant continues to pose an economic danger to the community and is unlikely to abide by this Court's orders pending execution of his sentence.

Given the defendant's most recent fraudulent conduct so close to his sentencing, the government submits that a sentence of imprisonment of 30 months is warranted in this case, rather than the 28 months of imprisonment recommended in the initial sentencing memorandum. The government further requests that the defendant be remanded at the time of sentencing.

**RESTITUTION**

As set forth in Exhibit B to the Hadley declaration, the government believes the victims to the defendant's crimes are owed restitution in a total amount of $572,03993,174, in the following amounts:

1. S.Y. $208,174
2. E.H. $63,865
3. M.B. $10,000
4. M.L. $80,000
5. J.D. $210,000

As noted in the Declaration of Special Agent Hadley, the government has learned that other investors of Motionloft have reimbursed the loss to some of the above victims, although they had no legal obligation to do so. In order to avoid the victims receiving a windfall, this other investor has asked that those amounts be reimbursed to Motionloft. Title 18, United States Code, Section 3664(j)(1)

provides as follows:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

Accordingly, the government requests that the Court order the defendant to pay restitution to the victims outlined in Exhibit B to the Hadley Declaration, and once those victims have been made whole, that Mills be directed to pay restitution to Motionloft in the amounts outlined in Exhibit B to the Hadley Declaration.

## V. CONCLUSION

For the reasons set forth above, the government respectfully submits that this Court should impose a sentence of imprisonment of 30 months, followed by a three-year term of supervised release with the conditions set forth in the Pre-sentence report, a fine of $6,000, and restitution to the victims in the amounts set forth above.

DATED: March 23, 2015

Respectfully submitted,

MELINDA HAAG
United States Attorney

KIM A. BERGER
Assistant United States Attorney

MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

KIM A. BERGER (NYBN 2481679)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-7232
Kim.Berger@usdoj.gov

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN EDWARDS MILLS,<br><br>Defendant. | Case No. CR 14-00133 RS<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the office of the United States Attorney, Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned certifies under penalty of perjury that the following:

**UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM**

In the matter of the United States v. Jonathan Edwards Mills, Case No. CR 14-00133 RS, was served on this date by me as follows:

**MAIL:**
Harris Bruce Taback
Law Offices of Harris B. Taback
345 Franklin Street, Suite 102
San Francisco, CA 94102

**MAIL:**
John D. Woods, U.S. Probation Officer
U.S. Probation Office
1301 Clay Street
Oakland, CA 94612

____ (By Personal Service), I caused such envelope to be delivered by hand to the person or offices of each addressee(s) above.

______ (By Facsimile), I caused each such document to be sent by Facsimile to the person or offices of each addressee(s) above.

__X__ (By Mail), I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California to the addressee listed above.

_____ (By Priority Mail - Express), I caused such envelope to be delivered by Priority Mail – Express to the address listed above.

_____ (By Electronic Mail), I caused such document to be delivered by e-mail transmission to the party listed above.

Dated: March 23, 2015

BRIDGET KILKENNY
Legal Assistant